**Matter of Paul NOBLE and Tess Noble, individually and as copartners trading under the firm name and style of Economy Record Company, also known as U. S. Plastics Company, Bankrupts.**

United States District Court
S. D. New York.
July 31, 1958.

Bernstein, Margolin & Balin, New Hyde Park, N. Y., Edward Margolin, New Hyde Park, N. Y., of counsel, for petitioner Long Island Trust Co.

William S. Brown, New York City, for trustee respondent on review.

SUGARMAN, District Judge.

Long Island Trust Company petitions for review of an order of the Honorable Robert P. Stephenson, Referee in Bankruptcy, dated March 6, 1958.

Petitioner's alleged grievance is founded on the claim that the Referee erred in finding (1) that the boiler and appurtenances thereto on which it held a conditional sale contract were not "goods * * * so affixed to realty at the time of a conditional sale or subsequently as to become a part thereof and not to be severable wholly or in any portion without material injury to the freehold" within the meaning of New York Personal Property Law, McKinney's Consol. Laws, c. 41, § 67 and (2) that Spielman was its agent in bidding $2,542.56 for the goods at the sale by auction held on August 23, 1957.

Considering the nature of the bankrupt's business and the primary

**527**

purpose for which the boiler was used and all the other circumstances, the Referee was clearly correct in finding section 67 inapplicable to the transaction. Petitioner's claimed lien was therefore correctly held void as against the trustee in bankruptcy.

■ However, there was no sale of the goods on August 23, 1957, to the Long Island Trust Company and the Referee's findings Nos. 6, 7 and 13 in so far as they are predicated upon sale by auction to Long Island Trust Company are clearly erroneous. The order in so far as it directs the Long Island Trust Company to pay to the trustee the sum of $1,510.99 is vacated.

The record of what transpired before the Referee shows beyond doubt that Spielman intended to bid not cash but the lien he thought his principal Long Island Trust Company had on the boiler and its appurtenances. His intent was known to the auctioneer and to the trustee so that there was no meeting of the minds in this transaction, assuming he had full authority to bind Long Island Trust Company which is at least doubtful.

In addition, even had Spielman offered a cash bid for Long Island Trust Company, the auctioneer did not complete the sale.

The Personal Property Law of New York provides in part in section 102 thereof:

"§ 102. Sale by auction

"In the case of sale by auction—

\* \* \* \* \* \*

"2. A sale by auction is complete when the auctioneer announces its completion by the fall of the hammer, or in other customary manner. Until such announcement is made, any bidder may retract his bid

\* \* \*".

The auctioneer testified that he "knocked down" the goods to Spielman for the Long Island Trust Company. However, when questioned regarding his understanding of how goods are "knocked down" in selling by auction, he stated:

"By Mr. Brown: Q. In other words, when you say knocked down, you mean it was then sold to Mr. Spielman? A. That is right.

"Mr. Margolin: I object to that.

"The Referee: Sustained.

"Q. What do you mean by the words 'knocked down,' Mr. Rigney? A. Well, it's the man who is the highest bidder.

"Q. What do you mean? A. Well, if he put in a bid, it is put under his name on that. We asked him what his name was and he told us what his name was.

"The Referee: Did you have a hammer?

"The Witness: No, sir, we didn't.

"Q. What did you use in place of a hammer? A. Well, I can just say I asked the gentleman what his name is, sir, and that was it." (S.M. 37.)

Merely recognizing a high bidder does not satisfy the statutory requirement for completion of a sale by auction. The purported sale was a nullity.

Accordingly, the Referee's findings of fact made March 6, 1958, numbered 1, 2, 3, 4, 5, 8, 9, 10, 11, and 12 are affirmed and his findings of fact numbered 6, 7, and 13 are reversed. The Referee's order of March 6, 1958, is modified by deleting the first ordering paragraph thereof, the comma and words "and it is further" at the end of the second ordering paragraph thereof and the third ordering paragraph thereof.

It is so ordered.